UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-168 |
| | § | (CIVIL ACTION NO. 2:16-CV-373) |
| CARLOS GONZALEZ-AGUIRRE | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255,
AND DENYING A CERTIFICATE OF APPEALABILITY**

Carlos Gonzales-Aguirre (Gonzales-Aguirre) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 29. He also filed an application to proceed *in forma pauperis*. D.E. 30, 31. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion. . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules). The Court denies the motion to proceed *in forma* pauperis because it is unnecessary,[1] dismisses Gonzales-Aguirre's § 2255 motion, and denies him a Certificate of Appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II. BACKGROUND

Gonzales-Aguirre pleaded guilty to illegal reentry in the Northern District of Illinois in 2008. He was sentenced to 58 months imprisonment to be followed by three years supervised release. D.E. 1-2. He began his supervised release on December 5, 2011. D.E. 2. In March 2014, the Probation Department filed a Petition for Warrant or Summons. *Id*. Jurisdiction over

---

[1] No filing fee is imposed for filing a motion to vacate, set-aside or correct sentence.

Gonzales-Aguirre's supervised release was transferred to this Court. D.E. 1. Gonzales-Aguirre was appointed counsel. D.E. 3. In separate proceedings, Gonzales-Aguirre was prosecuted for illegal reentry in Cause No. 2:13-CR-994.

Gonzales-Aguirre pleaded true to illegal reentry in violation of the terms of his supervised release and was sentenced to 20 months imprisonment to run consecutively to his sentence in Cause No. 2:13-CR-994. He appealed, but the Fifth Circuit affirmed on February 4, 2015. Judgment became final on May 6, 2015. His present motion was mailed no earlier than August 18, 2016. D.E. 29.

### III.  MOVANT'S ALLEGATIONS

Gonzales-Aguirre argues that 1) the term of supervised release imposed in 2008 was improper, 2) his sentence was increased by double counting; 3) the district court failed to consider coercion and duress by the cartel in Mexico as a mitigating factor for the violation of his supervised release; and 4) his original deportation order in 1999 was faulty because it improperly waived his right to judicial review. He further argues that equitable tolling is justified due to his lack of English proficiency and the delay in obtaining assistance to file his petition.

### IV.  ANALYSIS STATUTE OF LIMITATIONS

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255(f). The Fifth

---

[2]  The statute provides that the limitations period shall run from the latest of:

  (1) *the date on which the judgment of conviction becomes final*;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been

Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Gonzales-Aguirre's conviction became final on May 6, 2015, after the expiration of the 90 day period to file a petition for writ of certiorari. *United States v. Franks*, 397 Fed. App'x. 95, 98 (Oct. 6, 2010) (per curiam) (unpublished); *Gamble*, 208 F.3d at 537. He was required to file his motion to vacate no later than May 6, 2016. Gonzales-Aguirre's motion was filed no earlier than August 18, 2016, over three months too late. *See* Rule 3(d), § 2255 Rules.

Although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy that burden, Gonzales-Aguirre must show that 1) he has diligently pursued his rights and 2) some extraordinary circumstance stood in his way. *Id*.

Gonzales-Aguirre states that his lack of English proficiency and his need to find someone to help him should excuse his late filing. Federal courts have generally rejected those excuses for late filing. The Fifth Circuit has expressly held that a petitioner's incarceration, pro se status, and ignorance of the law do not present "an extraordinary circumstance warranting equitable tolling." *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000); *see also Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008) (holding lack of proficiency in English is not extraordinary circumstance warranting equitable tolling); *United States v. Montano*, 398 F.3d 1276, 1280 n.5

---

discovered through the exercise of due diligence.
28 U.S.C. § 2255(f) (emphasis added).

(11th Cir. 2005) (difficulties with the English language are not "extraordinary circumstances" as a basis for equitable tolling); *Mendoza v. Minnesota*, 100 F. App'x. 587, 588 (8th Cir. 2004) (lack of fluency in English does not constitute an extraordinary circumstance that justifies equitable tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (the inability to read and speak English is not in itself a sufficient basis for equitable tolling). As a result, Gonzales-Aguirre has not met his burden to demonstrate diligence in pursuing his rights. His motion to vacate, set-aside or correct sentence is untimely.

## VI.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gonzales-Aguirre has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved

encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Gonzales-Aguirre is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

Gonzales-Aguirre's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 29) is DISMISSED as untimely and he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 19th day of January, 2017.

_____
Janis Graham Jack
Senior United States District Judge